UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WES EMERY GOODE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-323 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the O.L. Luther Unit in Navasota, Texas. Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on August 1, 2014. (D.E. 1). The subject of the petition is a 2007 conviction for intoxicated manslaughter. Petitioner alleges he received ineffective assistance of counsel. (D.E. 1).

On November 18, 2014, Respondent filed a Motion for Summary Judgment. (D.E. 16). Petitioner filed a Response on December 4, 2014. (D.E. 18). As discussed more fully below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's action for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

## I.    JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

On December 16, 2007, Petitioner, driving while intoxicated, struck and killed Adam Ramos who was standing on the JFK Causeway after he crashed into a barrier rendering his vehicle inoperable. (D.E. 1, Pages 6-7 and D.E. 16, Page 3). On October 28, 2008, after being found guilty by a jury of intoxication manslaughter and the lesser included offense of driving while intoxicated, Petitioner was sentenced to twenty years in prison and a $10,000.00 fine for intoxication manslaughter and 180 days in county jail and a probated fine of $2,000.00 for driving while intoxicated. (D.E. 12-17, Page 37 and D.E. 13-4, Pages 74 and 78).

Petitioner filed a direct appeal and on March 25, 2010, the Thirteenth Court of Appeals affirmed his conviction. (D.E. 11-5). After his motion for rehearing was denied, Petitioner filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("CCA") on May 27, 2010 which was refused on September 29, 2010. (D.E. 11-8, Page 2).

On August 1, 2011, Petitioner filed an application for state habeas relief in which he asserted, among other grounds, that he received ineffective assistance of counsel because his attorney failed to object to the admission of his statement made during his prior arrest for driving while intoxicated to an arresting officer. (D.E. 14-1, Pages 16 and 37). Specifically, the arresting officer testified Petitioner stated, "How can I get arrested when there is [sic] Mexicans slashing people out there?" (D.E. 1, Pages 9-10 and D.E. 13-1, Page 34). Additionally, the video of the prior arrest was played in open court to the jury although it

was noted that the comment above was "barely audible on the video." (D.E. 13-1, Page 23 and D.E. 15-3, Pages 18 and 27).

On November 16, 2011, the case was remanded by the CCA to the trial court to complete an evidentiary investigation and to resolve fact issues material to the legality of Petitioner's confinement as the CCA concluded the habeas record had been forwarded prematurely. (D.E. 15-5, Page 2). On January 15, 2013, the trial court, after denying Petitioner's claims of ineffective assistance of counsel during the guilt/innocence phase, recommended a new trial for the punishment phase because Petitioner's trial counsel's failure to object to the testimony and evidence described above. (D. 15-3, Pages 15-36). Specifically, the trial court found that trial counsel's failure to object as to the relevance of the statement that "was racist in nature and was highly prejudicial" and "suggesting racial bigotry" could "have a damaging effect of the fairness of a legal proceeding." (D.E. 53-3, Pages 29-30).

The trial court held:

> The Court does conclude, however, that trial counsel was ineffective in failing to object to the introduction of prejudicial statements by the Applicant during the Punishment Phase of the trial, which statements were both irrelevant and highly prejudicial. Additionally, the Court concludes that had trial counsel objected to such statements that the trial court would have sustained the objection on the basis that such statements were irrelevant and highly prejudicial. Trial counsel's failure to object was both deficient and violated the Applicant's First Amendment rights during the Punishment Phase of the trial. There is a reasonable probability that Applicant was denied a fair trial solely during the Punishment Phase and that the verdict of the jury in assessing the years of confinement in the Texas Department of Criminal Justice would have been different but for the deficient conduct of trial counsel. The Court recommends a new Punishment Trial. (D.E. 15-3, Page 36).

On April 2, 2014, the CCA denied Petitioner's application. (D.E. 15-1). Specifically, the CCA noted that while "the trial court recommended granting a new punishment hearing based on Petitioner's claim that counsel was ineffective for not objecting to introduction of evidence of his racists remarks made to an arresting officer in a prior offense," the Court had reviewed the record and concluded that Petitioner's "prior statements were admissible punishment evidence." (D.E. 15-1). The CCA held "counsel's failure to object was not error" and denied relief on all claims. (D.E. 15-1). On April 22, 2014, the CCA declined Petitioner's reconsideration request. On August 1, 2013, Petitioner filed this federal habeas petition. (D.E. 1).

### III. ANTITERRORISM AND EFFECTIVE DEATH PENATLY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.
>
> 28 U.S.C. § 2254(d)

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a

question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S. Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in

state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id*. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 786-787. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S.Ct. at 784.

## IV. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with

significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted)); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus...."). While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274, (2004).

V.     DISCUSSION

    A.     **Ineffective Assistance of Counsel Standard**

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Id*. at 687-88. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011)(citations omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id*. at 690.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). Where the state

court adjudicated an ineffective assistance claim on the merits, this Court must review petitioner's claim under both *Strickland* and § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions fell below *Strickland's* standard – it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

  **B.**  **Analysis**

Petitioner alleges he was deprived of effective assistance of counsel at the punishment stage because his trial counsel failed to object to the testimony of Officer West and the video regarding Petitioner's statements made during a previous driving while intoxicated arrest. (D.E. 1, Pages 8-10).

  Specifically, Officer West testified:

> There were several statements he made. Some were very derogatory. He made a statement to myself, that he stated, and I'm quoting, "How can I get arrested when there is [sic] Mexicans slashing people out there." I told him that he needed to watch what he was saying, there was going to be a Judge and a jury review [sic] this tape, at which point and he said he didn't care, that he had rich parents who were lawyers that would get him out of this.

Respondent asserts evidence of Petitioner's statement from a prior arrest was admissible during the punishment phase to show Petitioner did not appreciate the seriousness of his offense and was at risk to reoffend. (D.E. 16, Page 14). Therefore, Respondent concludes that the CCA was correct when it found the remark was properly admitted. (D.E. 16, Page 16).

Petitioner responds that his statement was made after he was arrested for a previous offense, driving while intoxicated, rather than the offense currently at issue, intoxication

manslaughter. (D.E. 18, Pages 1-2). Petitioner asserts the statement was inadmissible because he "was not charged with *intentionally* injuring anyone, much less a person of Mexican descent..." and the statement does not "show that he was likely to drive while intoxicated again, or to commit any other offense." (D.E. 18, Page 3). As such, Petitioner concludes the admission of his statement was a violation of his First Amendment right and, as it was highly prejudicial, a violation of Rule 403 of the Texas Rules of Evidence. (D.E. 18, Page 4).

While Petitioner asserts the trial judge's determination should be considered, the CCA determined that Petitioner's "prior statements were admissible punishment evidence" and as such, "counsel's failure to object was not error." (D.E. 15-1). Petitioner fails to show that this decision was contrary to, or involved an unreasonable application of, clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. "Fairminded jurists could disagree" as to whether this evidence should be have been precluded pursuant to Rule 403 and/or the First Amendment. *Harrington*, 131 S. Ct. at 786. Therefore, the CCA's determination disposing of Petitioner's *Strickland* claim after finding Petitioner's statement admissible precludes federal habeas relief.

The Constitution does not prohibit the admission of evidence concerning an individual's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment. *Dawson v. Delaware*, 503 U.S. 159, 160 (1992)(First and Fourteenth Amendments prohibit the introduction of evidence that the defendant was a member of the Aryan Brotherhood when the evidence has no relevance to

end

end

the issues being decided in the proceeding); *see also Boyle v. Johnson*, 114 F.3d 491, 498 (5th Cir. 1997)(Evidence of a defendant's membership in the Aryan Brotherhood is admissible as evidence of future dangerousness).

Here, Petitioner's statement was advanced to show that Petitioner did not appreciate the seriousness of the offense of driving while intoxicated. Petitioner was subsequently arrested for intoxication manslaughter after he, driving while intoxicated for a second time, struck and killed an individual standing on the side of the road. While some judges might disagree, a "fair minded jurist" could determine the evidence demonstrated Petitioner's lack of appreciation for the seriousness of driving while intoxicated and, therefore, was relevant to and sufficiently related to the issue of Petitioner's future dangerousness to allow its admission during the punishment phase of Petitioner's trial after his second arrest. *Dawson v. Delaware*, 503 U.S. 159, 166 (1992)("In many cases. . .evidence might serve a legitimate purpose in showing that a defendant represents a future danger to society.")

Further, this Court does not sit in review of a state court's interpretation of its own law. *Hernandez v. Thaler*, 463 Fed. App'x 349, 355 (5th Cir. 2012)(citations omitted). Therefore, this Court should defer to the CCA on matters of state law interpretations. The CCA held Petitioner's argument was not cognizable because Petitioner's "prior statements were admissible punishment evidence." (D.E. 15-1). Given this finding, the undersigned cannot find that Plaintiff's failure to object under Rule 403 of the Texas Rules of Evidence fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88.

Therefore, Petitioner cannot show he was deprived of any right to exclude the evidence under state law by his trial counsel's allegedly deficient performance as the

evidence was held to be admissible by the CCA and Petitioner fails to show this decision was contrary to, or involved an unreasonable application of, clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding.

## VI.   RECOMMENDATION

For the forgoing reasons, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 16) be **GRANTED** and Petitioner's writ of habeas corpus be **DISMISSED with prejudice**.

ORDERED this 25th day of June, 2015.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).