UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WES EMERY GOODE, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-323 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
|     Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment (D.E. 16), seeking dismissal of Petitioner Wes Emery Goode's Petition for Writ of Habeas Corpus which was filed pursuant to 28 U.S.C. § 2254 (D.E. 1). On June 25, 2015, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") (D.E. 19), recommending that Respondent's motion be granted and that a Certificate of Appealability be denied. This Court received Petitioner's timely-filed objections (D.E. 20) on July 8, 2015. Petitioner's objections are addressed below.

Petitioner was found guilty by a jury of intoxication manslaughter for striking and killing a pedestrian when driving while intoxicated. D.E. 1, p. 3, 6-7. Petitioner alleges that he was deprived of effective assistance of counsel during the punishment phase of his trial because his counsel failed to object to the testimony of Officer Steve West. D.E. 1, p. 8. Officer West, who arrested Petitioner during a prior driving while intoxicated offense, testified that Petitioner asked him: "How can I get arrested when there is [sic] Mexicans slashing people out there?" D.E. 13-1, p. 34. The Texas Court of Criminal

Appeals ("CCA") concluded that Petitioner's prior statement was admissible punishment evidence and thus denied his state habeas application.  *See* D.E. 15-1, pp. 1-2.

Petitioner objects to the Magistrate Judge's finding that he failed to show that the CCA's determination was contrary to or involved an unreasonable application of clearly established Federal law.  Petitioner argues that "[t]he Magistrate misread [Petitioner's] statement to mean that Petitioner did not appreciate the seriousness of a DWI" and "the fact that one believes slashing people is more serious than a first DWI simply does not make one dangerous."  D.E. 20, pp. 1-2.  Petitioner also contends that "[n]othing in the record indicates what Petitioner's attitude about DWI was at the time of the collision or, more importantly, that he still harbored any animus against Mexicans."  D.E. 20, p. 2.

This Court agrees with the Magistrate Judge's finding that "fairminded jurists could disagree" about Petitioner's *Strickland* claim regarding the admissibility of the statement as punishment evidence.  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of that decision.") (internal quotation marks and citation omitted).  It is reasonable to interpret Petitioner's statement, in spite of its timing, as evidence that he did not recognize the seriousness of driving while intoxicated.  Petitioner's first objection is **OVERRULED**.

Petitioner objects to the Magistrate Judge's findings, claiming that the Magistrate Judge "fails to supply any authority for his conclusion."  D.E. 20, p. 2.  Petitioner's objection is without merit.  As stated by the Magistrate Judge, this Court does not sit in review of a state court's interpretation of its own law.  D.E. 19, p. 11 (citing *Hernandez v.*

*Thaler*, 463 F. App'x 349, 355 (5th Cir. 2012)); *see also Fuller v. Johnson*, 114 F.3d 491, 498 (5th Cir. 1997) (holding that issues pertaining to the relevance of evidence to a defendant's future dangerousness during the sentencing phase or whether such evidence was more probative than prejudicial are "not constitutional issues but evidentiary issues, properly considered under the Texas Rules of Criminal Evidence on direct appeal."). Petitioner's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 19), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondents' motion for summary judgment (D.E. 16) is **GRANTED** and Petitioner's cause of action for habeas corpus relief is **DENIED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 14th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE